U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA SHERMAN, | : | |
|     Plaintiff, | : | CIVIL ACTION No. |
| | : | |
| v. | : | |
| | : | |
| LIGHT RIGGING COMPANY, LLC, | : | |
| ROBERT BRADWAY | : | |
|     Defendants. | : | |
| | : | AUGUST 20, 2019 |

## COMPLAINT

**I.   INTRODUCTION**

1. Plaintiff, Lisa Sherman, brings this action against Defendant Light Rigging Company, LLC, and its owner and manager, Defendant Robert Bradway, for their illegal failure to pay her overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

**II.  PARTIES**

2. Plaintiff, Lisa Sherman, is an individual currently residing in Connecticut. Plaintiff was formerly employed by Defendants and, at all relevant times, Plaintiff was an employee for purposes of the FLSA and the CMWA.

3. Defendant, Light Rigging Company, LLC, is a limited liability company organized under the laws of the State of Connecticut. It has offices at 80 East Main Street, Middletown, Connecticut 06457. Defendant is engaged in interstate commerce and employs people in the State of Connecticut. Defendant is an employer for purposes of the FLSA and the CMWA.

4. Defendant, Robert Bradway, is the owner and manager of Light Rigging Company, LLC. Defendant Bradway was Plaintiff's employer within the meaning of the FLSA and the CMWA, because he has the ultimate authority for the payment of Plaintiff's wages and was the specific cause of the wage violation - - the failure to properly pay Plaintiff the wages to which she is entitled. Defendant Bradway is also the owner of Defendant Light Rigging Company, LLC and the person who acts directly as, or on behalf of, or in the interest of Defendant Light Rigging Company, LLC in relation to its employees

## III. JURISDICTION

5. This Court possesses subject matter jurisdiction over this action because Plaintiff's claims present a federal question under 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367.

## IV. BACKGROUND

6. Plaintiff was employed by Defendants from 2018 until May 2, 2019.

7. Defendant Bradway hired and supervised Plaintiff.

8. Plaintiff worked for Defendants full-time as an office manager, to help fix the flow of the office, manage expenses, and to assist Defendant Bradway in preparing his taxes.

9. Defendants paid Plaintiff a salary, but Defendants did not pay Plaintiff any overtime in addition to that salary when Plaintiff worked more than forty hours per week.

10. During Plaintiff's employment with Defendants, Plaintiff worked more than 40 hours per week in numerous workweeks.

11. At a minimum, Plaintiff regularly worked five days per week from 8:00 a.m. until at least 5:00 p.m. or 5:30 p.m.

12. In addition, Defendant Bradway would sometimes require Plaintiff to stay late with him in the office past 5:30 at night.

13. Plaintiff also worked additional hours from home at night, and on weekends, performing various tasks for Defendant Bradway, and with Defendant Bradway's knowledge.

14. Plaintiff estimates that she worked an average of approximately 50 hours per week during her employment with Defendants.

15. Plaintiff worked uncompensated overtime in 2018 and 2019.

16. Defendants never paid Plaintiff any overtime compensation at one and a half times her regular rate of pay for any of the hours that she worked in excess of forty hours per week.

17. Defendants' failure to pay Plaintiff any overtime compensation for the hours that she worked in excess of forty hours per week violated federal and state overtime statutes, the FLSA and the CMWA.

**COUNT ONE:**   **VIOLATION OF FAIR LABOR STANDARDS ACT**

18. Based on the foregoing, Defendants illegally failed to pay Plaintiff overtime compensation for the hours that she worked in excess of forty hours per week, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

19. Defendants' failure to pay Plaintiff overtime compensation for the hours that she worked in excess of forty hours per week was willful.

20. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime compensation for the hours that she worked in excess of forty hours per week at one and one half times her regular rate of pay, liquidated damages, attorney's fees, and costs.

**COUNT TWO:**   **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

21. Based on the foregoing, Defendants illegally failed to pay Plaintiff overtime compensation for the hours that she worked in excess of forty hours per week, in violation of the CMWA, Conn. Gen. Stat. § 31-58 *et seq*.

22. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

23. As a result of Defendants' unlawful acts, Plaintiff has been deprived of earned wages.

24. Due to Defendants' violations of the CMWA, Plaintiff is entitled to recover unpaid overtime compensation for the hours that she worked in excess of forty hours per week at one and one half times her regular rate of pay, double damages, attorney's fees, and costs.

**DEMAND FOR RELIEF**

Plaintiff hereby demands Judgment against Defendants, a Trial by Jury, and other relief, including, but not limited to the following:

1. Payment of unpaid wages and overtime wages;
2. Attorney's fees and costs;
3. Liquidated damages;
4. Double damages;
5. Interest;
6. Other relief that in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

PLAINTIFF,
LISA SHERMAN

By:   /s/*Todd Steigman*
Todd D. Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466;
Fax: (860) 246-1794
tsteigman@mppjustice.com